UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HIGGINS,

        Plaintiff,

v.

SPX CORPORATION,

        Defendant.

_____/

Case No. 1:05-CV-127

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiff Leonard Higgins' Amended Motion for Advancement of Expenses. The Amended Motion has been fully briefed and the Court heard oral argument on May 25, 2006. For the reasons set forth below, the Court will grant Plaintiff's request.

**I.      BACKGROUND**

Defendant SPX Corporation is a Delaware Corporation, headquartered in Charlotte, North Carolina. Plaintiff managed and/or partially owned two of Defendant's subsidiaries organized and doing business in Brazil. According to Plaintiff, under Brazilian law a manager may be held personally liable for delinquent corporate obligations (*e.g.*, unpaid social security contributions or outstanding tax liabilities).

Defendant's restated certificate of incorporation provides in pertinent part that:

> Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she . . . [served the Corporation] . . . shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the General Corporation Law of the State of Delaware . . . . The right to indemnification conferred in this Section (b) shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that . . . [payment] in advance of the final disposition

> of a proceeding, shall be made only upon delivery to the Corporation of an undertaking by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director or officer is not entitled to be indemnified under this Section(b) [*sic*] or otherwise.

(Pl.'s Am. Mot., Ex. 1 art. 13).

Plaintiff avers that he has been named (or threatened to be made a party) in Brazilian proceedings and seeks payment of his litigation expenses in advance of the Brazilian tribunals' final dispositions. Plaintiff also seeks to recover the expense he incurred while prosecuting this claim, or what is known in legal lexicon as "fees on fees." Defendant—having no quarrel with Plaintiff's legal bases for requesting to be advanced litigation expenses—opposes Plaintiff's request on the ground that he has not satisfactorily proven the existence of the Brazilian proceedings.

## II.  LEGAL STANDARDS

Because Plaintiff's Amended Motion concerns an internal dispute between a corporation and its manger, the Court will look to the state of incorporation (Delaware) to supply the substantive rules for decision. *See First Nat. City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611, 621 (1983).

The purpose of corporate indemnification is to encourage "corporate service by capable individuals by protecting their personal financial resources from depletion by the expenses they incur during an investigation or litigation that results by reason of that service." *Homestore Inc. v. Tafeen*, 888 A.2d 204, 211 (Del. 2005); *see also* DEL. CODE ANN. tit. 8, § 145(a), (b) & (c). "The right to indemnification cannot be established, however, until after the defense to legal proceedings has been 'successful on the merits or otherwise.'" *Id.* Thus, advanced litigation expenses is a necessary and important extension of the concept of indemnity in that advancement "provides corporate officials

with immediate interim relief from the personal out-of-pocket financial burden of paying the significant on-going expenses inevitably involved with investigations and legal proceedings." *Id.*

Title 8 of the Delaware Code, section 145(e), governs advancement and provides in pertinent part that:

> Expenses (including attorneys' fees) incurred by an officer or director in defending any civil, criminal, administrative or investigative action, suit or proceeding may be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the corporation as authorized in this section. Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents may be so paid upon such terms and conditions, if any, as the corporation deems appropriate.

The language of section 145(e) is permissive, in that advanced litigation expenses may be paid at the corporation's election. However, when a corporation warrants that it shall pay its employees' litigation costs in advance, all discretion is lost; the corporation's duty to pay becomes mandatory. *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 823 (Del. 1992) ("[a]greement . . . renders the corporation's duty mandatory in providing that expenses shall be paid in advance."); *see also Pearson v. Exide Corp.*, 157 F. Supp. 2d 429, 437 (E.D. Pa. 2001). Defendant's restated certificate of incorporation made this kind of mandatory affirmation. With these principles in mind, the Court turns to Plaintiff's Amended Motion.

### III.   DISCUSSION

#### A.   Advanced Litigation Expenses

The Court believes Plaintiff is entitled to be advanced litigation expenses for two separate reasons. The first being Plaintiff has—at the very least—been threatened with litigation and that is enough to trigger Defendant's mandatory obligation to advance litigation expenses. On March 11,

2005, the fiscal office of the Brazilian Attorney General advised Plaintiff that a company he managed (one of Defendant's subsidiaries) owed the Brazilian government 237,005.39 Brazilian Reais in delinquent tax liability. Defendant essentially admits the same. (*See* Def.'s Sur-Reply Br. at 2) (disputing Plaintiff's account of the tax debt but acknowledging that the letter relates to a potential liability). The letter also mentions the potential that Plaintiff may be held personally liable should that obligation remain outstanding. The Court considers this to be enough of a threat to trigger Defendant's advancement obligation. Therefore, because Plaintiff has been threatened to be made a party to a proceeding, he is entitled to be advanced litigation expenses by Defendant.

Furthermore, the Court believes Plaintiff is entitled to be advanced litigation expenses even if he could not definitively prove he had been threatened with litigation. When interpreting virtually identical advancement provisions, Delaware courts observe that "[t]he only condition imposed by the By-law is that the recipient furnish an undertaking to repay the amounts advanced in the event he is found not to be entitled to indemnification." *In re Cent. Banking Sys. Inc.*, No. C.A. 12497, 1993 WL 183692, at *3 (Del. Ch. May 11, 1993). In other words, when advanced litigation expenses are mandatory, the only prerequisite to receiving advanced litigation expenses is the officer's promise to the corporation that he will pay it back if he is later disentitled to indemnity.[1] Plaintiff has made that promise to Defendant. (*See* Pl.'s Am. Mot., Ex. B). Thus, if the Brazilian proceedings are truly figments of Plaintiff's imagination as Defendant suggests, then Plaintiff would not be entitled to indemnification and Defendant could recoup all amounts advanced, including interest.

---

[1] Defendant was free to impose further prerequisites to advancement, "*e.g.,* proof of an ability to repay or the posting of a secured bond." *Homestore*, 888 A.2d at 212. Defendant only required that Plaintiff promise to it that he will pay it back should he later be found not to be entitled to advanced litigation expenses.

*See Citadel*, 603 A.2d at 826 (the plaintiff "[m]ay be forced to give [the defendant] a full accounting of his expenses and repay any funds which it is determined he is not entitled to receive under the indemnification provisions of the Agreement. This, of course, would merely be the 'ultimate determination' . . . .").

Finally, the Court believes the result arrived at today is consistent with Delaware public policy. "Mandatory advances, like indemnification, serve the salutary purpose of encouraging qualified persons to become or remain as directors of Delaware corporations, by assuring them, *ex ante*, that they may resist lawsuits that they consider meritless, *free of the burden of financing (at least initially) their own legal defense*." *In re Cent. Banking*, 1993 WL 183692, at *3 (referencing *Essential Enter. Corp. v. Automatic Steel Prods. Inc.*, 164 A.2d 437, 441-42 (Del. Ch. 1960) (emphasis supplied). Therefore, although Plaintiff's financial freedom from funding his own legal defense is subject to an ultimate indemnity determination, until such a finding is made against Plaintiff, Defendant is required to advance him his litigation expenses.

### B. Fees on Fees

Plaintiff has sought to recover the costs he expended to compel Defendant to advance him his litigation expenses (*i.e.*, fees on fees). "'Fees on fees' is a term of art that refers to an award of litigation expenses (including attorneys' fees) incurred in the process of obtaining another award of litigation expenses pursuant to some statutory or contractual authority." *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 178, 181 n.13 (Del. Ch. 2003) (comparing *Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 561-62 (Del. 2002) (using the term "fees on fees" in that context)). Defendant's principal argument in opposition is essentially the same argument it made above; that is: "'fees on fees' [are] only proper if the Court first finds that Higgins faces costs in a covered proceeding, and that SPX

improperly withheld advancement of those costs after Higgins' request." (Def.'s Sur-Reply Br. at 4). Stated another way, Defendant's argument against Plaintiff's entitlement to fees on fees is grounded in the presumption that Plaintiff is not entitled to advanced litigation expenses. Accordingly, because this Court has already found that Plaintiff is entitled to be advanced his litigation expenses, it also believes he is entitled to fees on fees. *See DeLucca v. KKAT Mgmt. L.L.C.*, No. Civ.A. 1384-N, 2006 WL 224058, at *15-16 (Del. Ch. Jan. 23, 2006) (citing *Stifel*, 809 A.2d at 561).

## IV. CONCLUSION

Therefore, the Court will grant Plaintiff Leonard Higgins' Amended Motion for Advancement of Expenses. An Order consistent with Opinion shall follow.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 5, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |