UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HIGGINS,

    Plaintiff,

v.

SPX CORPORATION,

    Defendant.

_____/

Case No. 1:05-CV-127

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Defendant SPX Corporation's Motion for Reconsideration. Defendant has asked the Court to reconsider its June 5, 2006 decision, which granted Plaintiff Leonard Higgins' Amended Motion for Advancement of Expenses. To prevail on the instant Motion, Defendant must not only demonstrate that the Court's decision suffers from a palpable defect, but must also show that a different result is manifest. W.D. MICH. LCIVR 7.4(a). "[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." *Id.*

In its decision to award Plaintiff his advanced litigation expenses, the Court noted "when advanced litigation expenses are mandatory, the only prerequisite to receiving advanced litigation expenses is the officer's promise to the corporation that he will pay it back if he is later disentitled to indemnity." (June 5, 2006 Op. at 4). The Court found compelling that Plaintiff made such a promise to Defendant. In its Motion for Reconsideration, Defendant contends that Plaintiff did not technically promise to repay all of the amount of litigation expenses advanced. Specifically, Defendant claims that the Court awarded Plaintiff litigation expenses in connection with Brazilian labor claims, but he has never promised to repay those amounts.

Plaintiff has offered evidence, in response to Defendant's Motion for Reconsideration, wherein he now undertakes an obligation to "repay *all* amounts advanced to [him] by SPX for expenses if it shall ultimately be determined by final judgment of a court of competent jurisdiction that I am not entitled to be indemnified by the corporation." (Pl.'s Resp., Ex. B) (emphasis in original). Plaintiff goes on to specifically reference and include this Court's advanced litigation expense and fees on fees award. Therefore, to whatever extent Plaintiff's original promise to repay litigation expenses advanced was deficient, Plaintiff's new promise to repay effectively cures those deficiencies. Indeed, as was the case before, Plaintiff truly proceeds at his own peril by requesting expenses be advanced in that Defendant will be able to recoup all amounts advanced, including interest, should it be proven that Plaintiff is not entitled to indemnification.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Defendant SPX Corporation's Motion for Reconsideration (Dkt. No. 66) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>July 24, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] Defendant's other ground for reconsideration (fees on fees) is premised on the assumption that the Court would reduce the amount of litigation expenses advanced. Because the Court will not do so, it need not reach this ground.