UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEONARD HIGGINS,

           Plaintiff,

v.

SPX CORPORATION,

           Defendant.

_____/

Case No.  1:05-CV-127

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant SPX Corporation's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Motion has been fully briefed and the Court discerns no reason for oral argument.  *See* W.D. MICH. LCIVR. 7.2(d).

## I.    BACKGROUND

On February 18, 2005, Plaintiff Leonard Higgins originally filed suit against Defendant SPX Corporation asserting he is the manager one or more of Defendant's businesses in Brazil.  (Compl. ¶ 1.)  Plaintiff alleged that under Brazilian law, a manager may be held liable for certain legal obligations of a company.  (*Id.* ¶¶ 15-16.)  Plaintiff claimed that SPX had effectively abandoned its businesses in Brazil such that certain companies (namely Jurubatech Tecnologia Automotiva Ltda. ("Jurubatech")) accrued outstanding tax and social security obligations.  (*Id.* ¶ 28.) Further, Plaintiff asserted that he had been made a party to these claims, had been threatened to be made a party, and had incurred expenses, liabilities and losses as a result of those proceedings.  (*Id.* ¶¶ 30-32.) Plaintiff sought indemnification from Defendant pursuant to Article 13 of Defendant's Articles of Incorporation; however, Defendant failed to indemnify and failed to indicate in writing that it would do so at a later date.  (*Id.* ¶¶ 45-49.)  Plaintiff asserted four counts in the original Complaint:

declaratory judgment, breach of contract, specific performance, and breach of fiduciary duty. Plaintiff sought the same relief in each count; indemnification and advancement of Brazilian litigation expenses to defend against ongoing Brazilian proceedings.

In September 2006, Plaintiff was granted leave to amend his original Complaint. (Dkt. No. 76.) In the Amended Complaint, Plaintiff alleged that he had only been threatened with being made a party to a proceeding and although he has not incurred any liability, he is exposed to potential liability because of the proceedings in Brazil against Jurubatech. (Am. Compl. ¶¶ 45-48.) Plaintiff also added four new tort claims to his Amended Complaint; negligence, civil conspiracy, infliction of emotional distress, and moral damages under Brazilian law.

## II.    LEGAL STANDARD

Whether dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, *Smith*, 378 F.3d at 568, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Roberson*, 399 F.3d at 794; *Arrow*, 358 F.3d at 393. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res. Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Although Rule 12(b)(6) clearly affords Plaintiffs some liberties, it does require more than the bare assertion of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). "In practice, 'a . . .

complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993)).

### III.   ANALYSIS

#### A.   Declaratory Action, Claim I

Defendant asserts that Plaintiff's action for a declaratory judgment is premature because Plaintiff has not yet been named as a party in any proceeding, nor has he incurred any liability for which to seek indemnification.  Defendant notes that under Delaware law, it is established that "[a] cause of action for indemnification accrues when the officer or director entitled to indemnification can be confident any claim against him has been resolved with certainty." *Scharf v. Edgcomb Corp.*, 864 A.2d 909 (Del. 2004) (citation omitted).  Plaintiff responds that the plain language of Article 13 of Defendant's Articles of Incorporation support the fact that his claims for indemnity are triggered when he has been threatened with being made a party.[1]

---

[1]The relevant passage states:

> Each person who was or is made a party *or is threatened to be made a party to* or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative . . . . *shall be indemnified and held harmless by the Corporation* to the fullest extent authorized by the General Corporation Law of the State of Delaware, or any other applicable law . . . against all expenses, liability and loss . . . reasonably incurred or suffered by such person in connection therewith . . . .  The right to indemnification conferred int this Section (b) shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition . . . .

(Pl.'s Am. Compl., Ex. A at 7-8 (emphasis added).)

The Court recognizes that the power to declare the legal rights of a party under the Declaratory Judgment Act, 28 U.S.C. § 2201, is a permissive power, not mandatory. *L. Perrigo Co. v. Warner-Lambert Co.*, 810 F. Supp. 897, 898 (W.D. Mich. 1992) (citing *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984)). Defendant relies on Delaware law to support its conclusion that a declaratory action concerning indemnity should be postponed "until there is a judgment against the party seeking it." *Dana Corp. v. LTV Corp.*, 668 A.2d 752, 756 (Del. Ch. 1995). The Court, however, agrees with the Seventh Circuit that "[w]hether a dispute has reached the state at which a declaratory judgment under 28 U.S.C. § 2201 is appropriate is a question of federal practice." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). Therefore, the law of Delaware is not conclusive on a federal tribunal in this inquiry. *Id*.

The Sixth Circuit Court of Appeals has adopted a five-factor test to guide a court in determining whether to exercise jurisdiction over a request for declaratory judgment. The five-factors test to determine whether to exercise jurisdiction is:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Grand Trunk*, 746 F.2d at 326.

In this circumstance, the Court finds that a declaratory action in such a suit would not be premature. In this action, there is no threat of procedural fencing, nor is there an issue of increasing the friction between the federal court and state courts. The issue is whether Plaintiff, if made a party to an action in Brazil regarding the outstanding tax or social security liabilities of Defendant, would

be entitled to indemnification under Article 13.  This issue would be addressed and settled by a declaratory judgment.  It is true that perhaps the alternative remedy of a traditional indemnification action would be more effective, but in construing the Amended Complaint in a light most favorable to Plaintiff, dismissal at this stage is improper.

        B.        Breach of Contract and Specific Performance, Counts II-III

Defendant asserts that Plaintiff's breach of contract claims, Counts II and III, are not ripe for review.  Plaintiff responds that because he has been threatened with liability in Brazil, such claims are not premature and should be decided by this Court.

After review, the Court agrees with Defendant that claims for breach of contract and specific performance are not yet ripe.  "Ripeness is a justiciability doctrine designed 'to prevent the courts through premature adjudication, from entangling themselves in abstract agreements.'" *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985).  "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated." *Id*.  (citation omitted).

The Sixth Circuit weighs three factors in deciding whether to address an issue presented: (1) the likelihood that the harm alleged by the plaintiff will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings. *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995) (citation omitted).  In this action, as Plaintiff has admitted in his Amended Complaint, Plaintiff  is currently not a party to any suit in Brazil and his liability at this stage is only a probability.  Therefore, Plaintiff has not suffered any liability.  Further in regards to the adequacy of the factual record, Plaintiff has

not yet "incurred or suffered" a loss, liability, or expense for which he could recover indemnity. Accordingly, by its plain terms, Defendant has not yet breached its contract as set forth in Article 13. (*See* Article 13, Pl.'s Am. Compl., Ex. 1 at 7-8.)  As a result, there is no evidence in the record that would entitle Plaintiff to relief at present.  Lastly, Plaintiff will suffer no hardship from dismissal without prejudice of the breach of contract claims.  Plaintiff was previously awarded advancement of litigation expenses from Defendant by Order of this Court on June 5, 2006, and is therefore protected during the pendency of any further proceedings.  If Plaintiff is made a party to an action and accrues liability in the future, the claims may be brought again and will be ripe and proper for review.

C.       Breach of Fiduciary Duty, Count IV

Defendant next argues that Plaintiff cannot establish he was owed a fiduciary duty and therefore, his claim of breach of fiduciary duty must fail as a matter of law.  Plaintiff contends he was not merely an employee of Defendant, but also a shareholder and in the unique position of possibly incurring liability on behalf of Defendant.  Plaintiff argues that whether a fiduciary duty exists is an issue of fact, and dismissal at this stage in litigation would be premature.

A fiduciary relationship exists when there is a reposing of faith, confidence, and trust and the placing of reliance by one upon the judgment and advice of another; relief is granted when such position of influence has been acquired and abused, or when confidence has been reposed and betrayed.  *Smith v. Saginaw Sav. & Loan Ass'n*, 288 N.W.2d 613, 618 (Mich. App. 1979) (citations omitted); *see also Cheese Shop Int'l v. Steele*, 303 A.2d 689, 690 (Del. Ch. Ct. 1973), *rev'd on other grounds*, 311 A.2d 870 (1973).  Under both Delaware and Michigan law, an employer does not owe an employee any common law fiduciary duties.  *See Flores v. Midwest Saterblasting Co.*, 1994 WL

16189543 *6 (E.D. Mich. Sept. 26, 1994); *Bradley v. Gleason Works*, 438 N.W.2d 330, 332 (Mich.

App. 1989); *Toner v. Allstate Ins. Co.*, 829 F. Supp. 695, 704 n.10 (D. Del. 1993). Plaintiff claims

that he and Defendant did not share a standard employee-employer relationship. Plaintiff argues he

was exposed to liability under Brazilian law through his position as a manager, and it was his

position as a quota-holder that allowed Defendant to conduct business in Brazil. However, Plaintiff

has advanced no persuasive case law, nor has the Court located any, which sets forth an analogous

circumstance where an employee is owed a fiduciary duty from their employer. Therefore, the Court

finds that dismissal is appropriate where Plaintiff's breach of fiduciary duty claim fails as a matter

of law.

        D.     Tort Claims

       Defendant asserts that all of Plaintiff's tort claims (negligence, civil conspiracy, intentional

infliction of emotional distress, and moral damages under Brazilian law) added in his Amended

Complaint should be dismissed because they impermissibly reiterate Plaintiff's indemnification

claims and are not based on a legal duty separate from a contractual duty. Plaintiff responds these

claims are broader than his original claims, and such alternative pleading is allowed under Federal

Rule of Civil Procedure 8.

       It is true that claims may be pled in the alternative under Federal Rule of Civil Procedure 8.

FED. R. CIV. P. 8; *see also Herlihy Mid-Continent Co. v. Bay City*, 293 F.2d 383, 385 (6th Cir. 1961)

(allowing plaintiff to plead claims alternatively in tort and contract). However, tort claims must be

based on a separate legal duty than a contractual duty. *See Spengler v. ADT Sec. Servs.*, Slip Copy

2006 WL 3004088 at *2 (E.D. Mich. Oct. 20, 2006) (applying Michigan law, holding "a tort arising

out of a contractual relationship must rely on a duty independent of the contract."); *Pinkert v. John*

*J. Olivieri, P.A.*, 2001 WL 641737 at \*5 (D. Del. May 24, 2001) (unreported case) ("As a general rule under Delaware law, where an action is based entirely on a breach of the terms of a contract between the parties, and not on a violation of an independent duty imposed by law, a plaintiff must sue in contract and not in tort."); *Rinaldo's Constr. Corp. v. Mich. Bell Tel. Co.*, 454 Mich. 65, 84 (1997) ("the threshold inquiry is whether the plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation."); *Garber v. Whittaker*, 174 A. 34 (Del. Super. Ct. 1934) (holding same).

Therefore, the Court finds that Plaintiff's claim of negligence should be dismissed. The duties Plaintiff alleges Defendant owed to him and that he alleges were breached, arise solely from the contractual relationship between the parties. These contractual duties are based on Defendant's Articles of Incorporation, the separate 2001 Indemnity Agreement, and the employer-employee relationship between Plaintiff and Defendant (or Jurabatech). Accordingly, Plaintiff has failed to allege any facts that would give rise to a separate duty Defendant owed to Plaintiff, and his claim for negligence fails.

In regards to Plaintiff's claim of intentional infliction of emotional distress (Count VII), such a claim need not be based on a duty owed by Defendant. *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (1985) (stating elements as extreme and outrageous conduct, intent or recklessness, causation, and severe emotional distress) (citation omitted); *Avallone v. Wilmington Med. Ctr., Inc.*, 553 F. Supp. 931, 938 (D. Del. 1982) (applying Delaware law, holding the same). Accepting all of Plaintiff's allegations as true, and recognizing that a legal duty apart from a contractual duty need not be shown, the Court finds that dismissal of this claim is improper.

The Court notes that the claim of civil conspiracy is also not based on a duty owed by Defendant to Plaintiff.  The essential elements of a civil conspiracy are: (1) a concerted action; (2) by a combination of two or more persons; (3) to accomplish an unlawful purpose by unlawful means. *Admiral Ins. Co. v. Columbia Casualty Ins. Co.*, 486 N.W.2d 351, 358 (1992); *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149-50 (Del. Super. 1987) (essential elements for civil conspiracy are a confederation or combination of two or more persons, an unlawful act done in furtherance of the conspiracy, and actual damage.)  Further, Plaintiff's claim for moral damages under Brazilian law also does not appear to require a duty owed by Defendant, nor has Defendant alleged differently.  (*See* Decl. Antonio C. Farocco Jr., Dkt. No. 74, Ex. B.)  Therefore, the Court will not dismiss either of these claims for failure to state a claim.

E.      Civil Conspiracy, Count VI

Defendant argues that Plaintiff's civil conspiracy claim should be dismissed because it fails as a matter of law.  Plaintiff alleges Defendant entered into a civil conspiracy with one or more of its employees (Thomas Riordan, David Kowalski, Richard Hawkins) and other persons or entities. (Am. Compl. ¶ 293.)  Defendant asserts that because Plaintiff's claim cannot survive application of the intra-conspiracy rule, the claim should be dismissed.[2]

Under the intra-conspiracy rule, a corporation cannot conspire with its own board of directors, officers, or employees, for the reason that a corporation acts only through those persons, and therefore conspiring with its own employees is like conspiring with itself. *See Amaysing Techs.*

---

[2]Defendant also argues that this claim would involve discovery in Brazil which Defendant will be significantly hindered from discovering.  However, Magistrate Judge Ellen S. Carmody contemplated this issue and allowed more time for discovery as a result. (*See* Tr. of Hr'g Sept. 9, 2006 at 26-27)

*Corp. v. Cyberair Comm., Inc.*, 2005 WL 578972 at *7 (Del. Ch. Mar. 3, 2005) (recognizing no Delaware case directly has addressed issue of whether a corporation may conspire with its own directors, officers or agents, but holding that such a conspiracy will not be found for purposes of establishing jurisdiction under the conspiracy theory); *Tropf v. Holzman & Holzman*, 2006 WL 120377 (Mich. App. 2006) (holding intra-corporate trust doctrine bars action for a civil conspiracy between a corporation and its agents acting within the scope of employment).  An exception to this rule is when the corporate agents have a "personal stake" or motive in the conspiracy, and therefore are acting on their own behalf.  *Amaysing Techs. Corp.*, 2005 WL 578972 at *8 (citation omitted); *Blair v. Checker Cab Co.*, 558 N.W.2d 439, 442-43 (Mich. App. 1996).

In the present action, Plaintiff has satisfactorily pled the elements of a civil conspiracy.[3]  The Court must take all factual allegations of Plaintiff's Amended Complaint as true and construe the pleading in a light most favorable to Plaintiff.  The Court finds that whether Defendant's officers, employees, or directors (or others) stepped out of their corporate roles is an issue of fact.  As such, Defendant's motion to dismiss Plaintiff's claim for civil conspiracy is denied.

F.       Moral Damages Claim, Count VIII

Defendant argues in the alternative that Plaintiff's claim for moral damages under Brazilian law should be dismissed because such a claim is not a cause of action but rather a remedy.  *See Gen. Acquisition, Inc. v. GenCORP, Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994).  Plaintiff responds that such a claim is a cause of action under Brazilian law.  Plaintiff relies upon the declaration of a lawyer in Brazil, Antonio C. Farroco, Jr., who states in pertinent part that:

---

[3]*See* essential elements of a civil conspiracy claim, *supra* at 8.

[u]nder Brazilian law, a cause of action for moral damages arises when an individual's rights, including those relating to his or her intimacy, private life, honor, and/or image, are violated. The claim is based, among other things, upon Article 5 of the Brazilian Constitution, Brazilian Federal Law 10.406/2002, and Brazilian Federal Law 8.884/1994. A claim for moral damages under Brazilian law is compensatory, rather than punitive or exemplary.

(Decl. Antonio C. Farroco Jr., Dkt. No. 74, Ex. B ¶ 2.)

After review, the Court finds it cannot make an accurate determination of Brazilian law with only a short declaration in the record and Defendant's citation to a symposium in a law review article. Defendant has not provided any Brazilian authority that would negate Plaintiff's assertion that a claim for moral damages is a separate cause of action under Brazilian law. Therefore, the Court must deny Defendant's Motion to Dismiss; however, as such authority may exist, the Motion is denied without prejudice.

IV.    CONCLUSION

Therefore, the Court will dismiss Plaintiff's claims for breach of contract, specific performance, breach of fiduciary duty, and negligence. The Court will deny Defendant's Motion to Dismiss in regards to Plaintiff's declaratory action, civil conspiracy, and intentional infliction of emotional distress and moral damages under Brazilian law.

An Order and Partial Judgment consistent with this Opinion shall issue.

<br>

                                          /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:           RICHARD ALAN ENSLEN
    December 14, 2006              SENIOR UNITED STATES DISTRICT JUDGE